IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| NATHANIEL KEITH STRATTON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:17-CV-23 |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DENY PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner NATHANIEL STRATTON has filed with this Court a federal Petition for a Writ of Habeas Corpus by a Person in State Custody challenging his conviction for the third degree felony offense of Injury to an Elderly Individual with Intent to Cause Bodily Injury and the resultant 4-year sentence. On May 11, 2017, respondent filed a Motion to Dismiss arguing petitioner's claims are either barred by the AEDPA's statute of limitations, or are not cognizable on habeas review. For the reasons set forth below, it is the opinion of the undersigned United States Magistrate Judge that the petition for a writ of habeas corpus should be DENIED as time barred as to Claims 1, 4 and 5, and denied as to Claim 2. Claim 3 is not considered as a freestanding ground.

I.
PROCEDURAL HISTORY

On the night of September 9, 2009, Lois Litsch, Wanda Mulherin's sister, called Robert Mulherin, Wanda's son, when she could not reach Wanda at her home by telephone. Two days prior,

Wanda had gone to her sister's house stating she was afraid of and wanted to get away from her grandson, petitioner Stratton, who resided with her.  Robert's wife called the police to perform a welfare check on Wanda.  The police arrived at Wanda's house around midnight, awoke Wanda to check on her well being, and left approximately an hour later after Wanda eventually signed a statement that petitioner had "struck" her in her left arm causing a bruise that she did not see until two days later, that she was afraid of petitioner when he drinks alcohol, and that he had made comments in the past about smothering her with a pillow.  On October 1, 2009, Lois and Robert gave Sworn Affidavits relating to the September 2009 events.

On October 26, 2009, petitioner was charged by Information in Potter County, Texas with the third degree felony offense of Injury to an Elderly Individual with Intent to Cause Bodily Injury.  *State v. Stratton*, No. 60,424-E.  Specifically, it was alleged petitioner, on September 3, 2009:

> [D]id then and there, intentionally or knowingly cause bodily injury to Wanda Mazurek Mulherin, a person 65 years of age or older, by striking her arm with his fist.

On that same day, Wanda retained counsel to represent petitioner.

On October 27, 2009, petitioner entered a judicial confession and pled guilty to the offense as charged in the Information in the 108th Judicial District Court, seated by Judge Doug Woodburn, and applied for community supervision.  The state trial court accepted petitioner's guilty plea and, pursuant to the State's punishment recommendation, deferred adjudication of petitioner's guilt, placed defendant on deferred adjudication community supervision for a term of four (4) years, assessed various fees, assessed a $250 fine, and required the completion of a program at a Substance Abuse Felony Punishment Facility (SAFPF).  Pursuant to his plea bargain with the State, petitioner waived his right to appeal.[1]

---

[1] As part of his plea bargain, petitioner was continued on probation in Cause No. 53,418-E, a case for Criminal Nonsupport.

On October 4, 2012, the State filed a *Motion to Proceed with Adjudication of Guilt*, alleging petitioner had failed to comply with certain conditions of his community supervision. On January 11, 2013, petitioner pled true to the violations alleged in the State's motion with an agreed punishment recommendation. On that same date, Judge Woodburn granted the State's motion, adjudicated petitioner guilty of the third degree felony offense of Injury to an Elderly Individual with Intent to Cause Bodily Injury, and assessed a sentence of 5-years confinement in the Texas Department of Criminal Justice, Correctional Institutions Division, but probated the sentence. The *Order Pronouncing Adjudication of Guilt*, entered January 11, 2013, was signed January 12, 2013.

On September 19, 2014, the State filed a Motion to Revoke petitioner's probation. On December 10, 2014, petitioner pled true to the violations alleged in the State's motion with an agreed punishment recommendation. On that same date, Judge Woodburn granted the State's motion, revoked petitioner's community supervision, and assessed a sentence of 4-years confinement in the Texas Department of Criminal Justice, Correctional Institutions Division. The corresponding *Judgment Revoking Community Supervision*, entered December 10, 2014, was signed December 12, 2014.

On October 20, 2015, petitioner, acting *pro se*, filed an application for a state writ of habeas corpus challenging his conviction and sentence, such application being received and filed-marked by the trial court on October 23, 2015. *Ex parte Stratton*, No. 84,286-01. By his state habeas application, petitioner alleged he was actually innocent of the offense of which he was convicted, and was denied effective assistance during the original proceeding because trial counsel did not investigate the charges so as to discover the complainant (petitioner's grandmother) maintained no assault or injury had occurred. On January 13, 2016, the Texas Court of Criminal Appeals remanded the case to the trial court to "conduct a live evidentiary hearing on the matter at which, at a minimum, the

complainant shall be called to testify." The trial court was also ordered to make findings of fact and conclusions of law as to petitioner's actual innocence claim, the complainant's credibility, whether this evidence was newly discovered, whether trial counsel was deficient, and, if so, whether petitioner would not have pleaded guilty but for counsel's performance.

On March 2, 2016, petitioner's trial counsel in the original proceeding submitted an affidavit addressing petitioner's claims of ineffective assistance of counsel. Counsel averred he reviewed the witness statements of the complainant and two family members who stated petitioner committed the offense, and reviewed the photographs showing the injury to the victim. Counsel averred that when the complainant hired him to represent petitioner, she did not claim petitioner did not strike her in the arm as alleged in the Information, and that during counsel's representation of petitioner, he never denied committing the offense against his grandmother. Counsel averred both indicated a desire to get petitioner help for his alcohol addiction.

On March 24, 2016, Judge Woodburn initiated an evidentiary hearing in petitioner's case as instructed by the Texas Court of Criminal Appeals. During her testimony, the complainant named her daughter, indicated she was involved in events subsequent to the incident forming the basis for the charge against petitioner, and identified her daughter as petitioner's aunt. At that time, Judge Woodburn interrupted the testimony and advised the parties he was "acquainted with [the] family." The judge explained,

> "I don't know [the complainant] that well. I know who she is, but I do know [the daughter] very well, and because of that, I just don't think it would be appropriate for me to make a ruling in this case based on that. I think we're going to have to recuse me and I'm going to recuse myself and let someone else hear this."

Judge Woodburn indicated he would transfer the case to another court and recessed the hearing.

On March 30, 2016, a different trial judge proceeded with the evidentiary hearing. On April

13, 2016, based on counsel's affidavit and the hearing testimony, the new trial judge entered Findings of Fact and Conclusions of Law concluding, based on the totality of the circumstances, that counsel's representation of petitioner did not fall below an objective standard of reasonableness, and that petitioner did not meet the standard of proving his actual innocence by clear and convincing evidence, nor did he unquestionably establish his innocence. On August 24, 2016, the Texas Court of Criminal Appeals denied petitioner's state habeas application without written order based on the findings of the trial court after a hearing. *Id*.

On August 15, 2016, petitioner, acting *pro se*, filed a second application for a state writ of habeas corpus challenging his conviction and sentence, such application being received and file-marked by the trial court on August 19, 2016. *Ex parte Stratton*, No. 84,286-02. By his second state habeas application, petitioner alleged Judge Woodburn abused his discretion, and violated petitioner's due process rights, by failing to recuse himself "from the very start" and prior to conducting any proceedings in petitioner's case.[2] On October 12, 2016, the Texas Court of Criminal Appeals denied petitioner's state habeas application without written order. *Id.*

On October 11, 2016, petitioner, acting *pro se*, filed a third application for a state writ of habeas corpus challenging his conviction and sentence, such application being received and file-marked by the trial court on October 18, 2016. *Ex parte Stratton*, No. 84,286-03. By his state habeas application, petitioner alleged his initial plea of guilty, to which he received deferred adjudication, was involuntary due to trial counsel's failure to conduct a proper investigation of the complainant's statement, and complained of the State's failure to indict petitioner with the charged offense. On

---

[2]Petitioner alleged Judge Woodburn, while in private practice, had represented the complainant and petitioner approximately 20 years prior, represented the complainant's daughter in a divorce, and had a friendship and working relationship with, and had also represented, the complainant's son who was "the person responsible for calling the police" the night of the incident that resulted in the charge against petitioner.

January 11, 2017, the Texas Court of Criminal Appeals dismissed petitioner's state habeas application as a subsequent application pursuant to Texas Code of Criminal Procedure, art. 11.07 § 4(a). *Id*.

On February 2, 2017, petitioner executed the instant federal habeas application challenging his conviction and sentence and placed it in the prison mail system. The federal application was received and file-marked February 9, 2017. In response to the section of the habeas form instructing applicants to explain why the one-year statute of limitations does not bar their petition if their judgment of conviction became final over one year ago, petitioner responded:

> Final conviction was 12-10-2014, petitioner filed 11.07 application #60,424-01-E on 10-23-2015, 2 subsequent applications were filed without any time lapse in between (in the 108th District Court Potter County, TX 60,424-02-E, 60,424-03-E). The last application for Writ of Habeas Corpus was dismissed on 1-11-2017 in the Tx Court of Criminal Appeals (WR-84,286-03) the time clock for 1 year to file federal Habeas Corpus was first stopped on 10-23-2015 and then restarted again on 1-11-2017.

On May 11, 2017, respondent filed a Motion to Dismiss petitioner's federal habeas application with prejudice as partially barred by the statute of limitations and partially not cognizable on federal habeas review. Petitioner did not file a reply to respondent's motion. Petitioner is currently on mandatory supervised relief, with a discharge date of January 21, 2018.

II.
ALLEGATIONS

Petitioner alleges his conviction and sentence violates his rights under the United States Constitution because:

1. The trial judge should have recused himself due to a conflict of interest prior to conducting <u>any</u> proceedings in petitioner's case, namely, before accepting petitioner's initial guilty plea and deferring adjudication of petitioner's guilt on October 27, 2009;

2. The trial judge should have been aware of the conflict of interest and recused himself from the proceedings on or about October 23, 2015 when petitioner filed his state habeas application;

3. Petitioner is actually innocent of the charged offense;

4. Petitioner was denied effective assistance of counsel in the initial proceedings due to his first counsel's failure to investigate the alleged offense; and

5. The evidence was legally insufficient to convict petitioner of the charged offense.

## III.
## STATUTE OF LIMITATIONS

Section 28 U.S.C. § 2244(d)(1) establishes a one-year limitation period for filing a habeas petition in federal court. That subsection provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Title 28 U.S.C. § 2244(d)(2) further provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

## IV.
## TIME BAR

In her May 11, 2017 motion to dismiss, respondent notes petitioner's claims that the trial judge

should have recused himself in 2009 prior to conducting any proceedings in petitioner's case, that petitioner's first counsel was ineffective in failing to investigate the charge at the time it was made, and that there was insufficient evidence to convict him (Claims 1, 4, and 5) arose at the time of his original guilty plea proceeding and relate to the initial entry of the October 27, 2009 order placing petitioner on deferred adjudication community supervision. Respondent argues Claims 1, 4 and 5 do not raise any claims challenging the trial court's order adjudicating petitioner's guilt and assessing a 5-year probated sentence in 2013, or order revoking petitioner's probation and assessing a 4-year term of imprisonment in 2014. Respondent argues the limitation period for Claims 1, 4 and 5 began to run on the date the original order deferring adjudication became final, *i.e.*, on November 26, 2009, when the time for filing an appeal expired. Respondent contends any federal habeas application petitioner wished to file asserting these claims had to be filed no later than November 26, 2010 to be timely under the limitations period. Respondent contends petitioner is not entitled to statutory or equitable tolling to extend the limitations period with regard to Claims 1, 4 and 5. Petitioner has not responded to respondent's argument that his federal habeas application is time barred.

In Claims 1, 4 and 5, petitioner challenges the failure of the trial judge to recuse himself before the initial proceeding, the adequacy of his first counsel's legal representation prior to advising petitioner to enter a guilty plea, possibly the voluntariness of his guilty plea, and the sufficiency of the evidence to support a conviction of the charged offense. By these claims, petitioner challenges the initial proceeding that resulted in the October 27, 2009 order deferring adjudication of guilt and granting probation.

Under Texas law, a defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding only in an appeal taken when deferred adjudication

community supervision is first imposed.  *Manuel v. State*, 994 S.W.2d 658, 661-62 (Tex.Crim.App. 1999).  Here, the state trial court entered the Order placing petitioner on deferred adjudication probation on October 27, 2009.  Petitioner had thirty (30) days in which to file a Notice of Appeal initiating a direct appeal of the order deferring adjudication and granting petitioner's probation.  *See* Tex. R. App. P. 26.2(a)(1).  Petitioner failed to do so.

For purposes of section 2244(d)(1), an order deferring adjudication following a guilty plea is a final judgment.  *Tharpe v. Thaler*, 628 F.3d 719, 724 (5th Cir. 2010); *Caldwell v. Dretke*, 429 F.3d 521, 529 (5th Cir. 2005).  Because petitioner failed to file an appeal, the deferred adjudication order became "final" for AEDPA purposes upon the expiration of the 30-day appellate period, or on November 26, 2009.  *See* Tex. R. App. P. 26.2(a)(1).

Under the AEDPA, petitioner had one year, or until November 26, 2010, to raise any complaints regarding deficiencies during the initial deferred adjudication proceedings.[3]  The filing of a state application for habeas corpus tolls the statute of limitations.  *See* 28 U.S.C. § 2244(d)(2).  Petitioner's state habeas applications, filed in October 2015, August 2016 and October 2016, were filed well after the expiration of the limitations period and do not provide petitioner with any statutory tolling.

The Fifth Circuit has recognized the one-year limitation period for filing a habeas corpus petition established in 28 U.S.C. § 2244(d)(1) is not a jurisdictional bar and is subject to equitable tolling.  *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).  As a general rule, equitable tolling operates only "in rare and exceptional circumstances" where it is necessary to "preserve[] a plaintiff's claims when strict application of the statute of limitations would be inequitable."  *Id.* at 810-11.

---

[3] Petitioner has presented nothing indicating a provision other than 28 U.S.C. § 2244(d)(1)(A) is applicable to this case.

Equitable tolling applies "principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (citation omitted). As a consequence, neither "excusable neglect" nor ignorance of the law is sufficient to justify equitable tolling. *Id*. Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

In his application, petitioner does not assert any basis for equitable tolling, nor has he, in any way, demonstrated such tolling is warranted. The limitation period to file a federal habeas application asserting petitioner's first, fourth and fifth claims expired in November 2010, approximately five years prior to petitioner's October 2015 filing of his state habeas petition and more than 6 years prior to his February 2017 filing of his federal habeas petition. Petitioner has made no showing that he was actively misled by the State about his claims or that he was prevented in some extraordinary way from filing his petition. Petitioner is not entitled to equitable tolling under the facts of this case.

Petitioner, however, appears to assert he should be excused from the limitations bar because he is actually innocent.[4] The statute of limitations bar may, in fact, be overcome by a showing of "actual innocence." *McQuiggin v. Perkins*, ___ U.S. ___, 133 S. Ct. 1924, 1928, 185 L. Ed. 2d 1019 (2013) ("actual innocence, if proved, serves as a gateway through which a petitioner may pass" when he is procedurally barred by the expiration of the statute of limitations). However, a petitioner who claims actual innocence "must show that it is more likely than not that no reasonable juror would have convicted him in light of [] new evidence." *Id*. The actual innocence gateway is only available to a

---

[4]Although petitioner raises his actual innocence as a freestanding ground in his habeas petition, the Supreme Court has not yet determined whether an actual innocence claim provides a freestanding basis for federal habeas relief. Consequently, this Court construes petitioner's ground as raising a gateway claim to excuse the untimeliness of his claims.

petitioner who presents new "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 1936 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)).  Petitioner has failed to meet this high standard.

Petitioner pled guilty and was convicted of striking the complainant, a person 65 years of age or older, in the arm with his fist with the intent to cause bodily injury or knowing the strike would cause bodily injury to the complainant.  Petitioner raised the issue of his actual innocence as a free standing ground in his first state habeas proceeding and submitted the same "new" evidence he now presents in this federal habeas proceeding, to wit:

1. An August 7, 2015 letter the complainant sent to the parole board, together with a similarly worded affidavit executed October 13, 2015, wherein the complainant stated "[t]he charge of abuse was blown out of proportion and it never happened." Both documents state the complainant had gone to bed at 10:00 p.m., taking a prescription sleeping aid at the time, and was awakened by the police at midnight who proceeded to question her.  The complainant averred she "did not understand what was happening" and that petitioner "has never hit me nor would he ever hit me" and has never "harmed [her] in any way nor would he."  The complainant stated she had never been afraid of petitioner and had never been concerned for her safety when around petitioner.

2. An August 6, 2015 letter from the complainant's daughter (petitioner's aunt) and primary caretaker to the parole board, together with a similarly worded affidavit executed October 13, 2015, wherein petitioner's aunt stated the complainant had "always told [her] that this never happened and that [petitioner] would never harm her or abuse her in any way," had "always stated to [her] that this charge was false," and had told her "from the start" that petitioner had "never been abusive to her and would never be abusive to her."  The aunt averred the complainant "would have told [her] if [petitioner] had ever hurt her or if she was ever afraid of him" and stated petitioner had never given her any reason to be concerned about complainant's safety.

The state habeas court entered findings of fact that, *inter alia*, (1) neither petitioner nor Wanda Mulherin informed counsel of a claim of innocence or requested an affidavit of non-prosecution from

counsel; (2) Wanda Mulherin informed the police that petitioner had struck her in the arm causing a bruise, and signed a statement to that effect, and this original statement was credible and supported by the record; (3) photos were taken to document the injury; (4) that Wanda Muherin's hearing testimony was "newly discovered evidence" but was not credible; and (5) that petitioner's hearing testimony was not "newly discovered evidence" and was not credible.  The state habeas court, noting that a lack of detail in a complainant's recantation testimony and an inability to recall basic facts of the allegations against a petitioner fails to unquestionably establish the petitioner's innocence, concluded petitioner did not meet the standard of proving his actual innocence by clear and convincing evidence or unquestionably establish his innocence.  The Texas Court of Criminal Appeals denied petitioner's state habeas application without written order based on the findings of the trial court.  *Ex parte Stratton*, No. 84,286-01.

In this federal habeas proceeding, this Court's review is limited to a determination of whether petitioner has shown the state court's decision that petitioner did not meet the standards to succeed on an actual innocence claim, was based on an unreasonable determination of the facts in light of the evidence before the state court, or was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court.  *See* 28 U.S.C. § 2254(d). Petitioner has not alleged, much less proven, the threshold standards outlined above to obtain federal habeas relief.  Petitioner has merely repeated and reargued his claim of actual innocence raised in his state habeas application without attempting to show in what way the state court's denial of relief was based on an unreasonable application of federal law as determined by the United States Supreme Court, or on an unreasonable determination of facts in light of the evidence.  This Court is precluded

from granting federal habeas corpus relief by the re-litigation bar set forth in section 2254(d).[5]

Even if the re-litigation bar is not applicable in this instance, the Court cannot find petitioner's new evidence of his innocence, primarily in the form of the complainant's "years-later" recantation letter, affidavit and inconclusive live testimony, together with her caretaker's letter, affidavit and testimony as to statements the complainant made after the fact, was so strong that no reasonable juror would have voted to find him guilty beyond a reasonable doubt. Petitioner's actual innocence claim is insufficient to excuse him from the statute of limitations.

Petitioner did not file his federal habeas corpus petition until February 2, 2017, more than 7 years after the expiration of the AEDPA deadline on November 26, 2009. Therefore, Claims 1, 4 and 5, all of which relate to alleged deficiencies prior to or during the original guilty plea proceeding and assessment of deferred adjudication probation in 2009, are barred by the AEDPA limitations period. *See* 28 U.S.C. § 2244(d). Petitioner's federal habeas application should be denied as time barred with regard to these claims.

## V.
## FAILURE TO RECUSE WHEN STATE HABEAS FILED

In his second ground, petitioner asserts he was denied due process and the trial court abused its discretion when the trial judge did not recuse himself upon the filing, and initial review, of petitioner's first state habeas application in October 2015. Petitioner appears to argue he was denied due process because the trial judge did not recuse himself until after the evidentiary hearing had started some six months later. As the factual predicate for this claim could not have been discovered until after

---

[5]Because petitioner's claim was considered as an independent ground in state habeas proceedings, the Court finds the re-litigation bar applies even though petitioner's actual innocence assertion is being considered here as a gateway claim to a time bar rather than as a freestanding basis for federal habeas relief.

October 23, 2015, petitioner's claim is not time barred.

Respondent has interpreted this claim as asserting an infirmity in the state habeas corpus proceeding, which does not state a cognizable claim for federal relief and must be dismissed. While this may, in fact, be a proper characterization of petitioner's claim, this Court finds instead that petitioner has not demonstrated any harm or any denial of due process by the trial judge's delayed recusal. An independent, conflict-free judge was brought in to conduct the evidentiary hearing and enter findings and conclusions. Petitioner has not demonstrated the denial of any federally protected constitutional right. This claim should be denied.

## VI.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for Writ of Habeas Corpus by a Person in State Custody filed by petitioner NATHANIEL KEITH STRATTON be DENIED as time barred with regard to Claims 1, 4 and 5, and DENIED with regard to Claim 2. Claim 3 was not considered as a freestanding ground.

## VII.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 27th day of October 2017.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).